IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN EDWARD JONES,

    Petitioner,

v.                                                             CASE NO. 4:05cv74-MMP/AK

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on Doc. 1, petition for writ of habeas corpus, by Sean Edward Jones. Petitioner has paid the filing fee. Respondent was ordered to answer, and it has filed a motion to dismiss for failure to exhaust. Doc. 23. Petitioner has not filed a reply, and thus, this matter is in a posture for decision.

    It is clear from the petition that Petitioner is attacking the January 14, 2005, revocation of his probation. Doc. 1. As grounds for dismissal, Respondent maintains that Petitioner's direct appeal of the revocation is presently pending in the state court of appeal. *Id*. at 2.

    Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the

applicant." 28 U.S.C. § 2254(b)(1)(A) and (B).  A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").

It is clear that Petitioner has invoked available state court remedies but that he has not exhausted them, as there has been no ruling by the state court on the direct appeal now pending. As explained by Respondent, some of Petitioner's claims are addressable in that proceeding; others, on state court post-conviction relief.  Since briefs have not been filed in the appellate court, Doc. 23 at 2, the question of whether the failure of the state court to rule on the appeal constitutes "circumstances...that render such process ineffective to protect the rights of the applicant" is not before the Court.

Petitioner's time for seeking Rule 3.850 relief has also not expired, and indeed, until the direct appeal is concluded, the time for doing so is not ripe.  However, Petitioner should act promptly in pursuing his state court remedies once the appeal is concluded, as the one-year statute of limitations for filing a habeas action in this Court is tolled only during the time that a properly filed motion for post-conviction relief is pending in state court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, Doc. 23, be **GRANTED**, and that Petitioner's petition for writ of habeas corpus, Doc. 1, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court

remedies.

      **IN CHAMBERS** at Gainesville, Florida, this **21st** day of September, 2005.


                                      **s/ A . KORNBLUM**
                                      **ALLAN KORNBLUM**
                                      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

      **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**